**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., | 3:16-cv-00127-HDM-WGC |
| Plaintiff, | |
| vs. | ORDER |
| SIERRA CEDARS CONDOMINIUM HOMEOWNERS ASSOCIATION, LVDG SERIES 200, LLC, THUNDER PROPERTIES, INC., and HAMPTON & HAMPTON COLLECTIONS, LLC, | |
| Defendant. | |

This action concerns property located at 2201 Kietzke Lane #B, Reno, Nevada, 89502. The property is within the Sierra Cedars Homeowners Association ("HOA"). On or about July 28, 2006, Adrean L. Peek obtained a loan from non-party Home Mortgage Direct Lenders in the amount of $78,764.00, which was secured by a deed of trust recorded against the property. Ultimately, the deed of trust was assigned to plaintiff via an assignment of deed of trust.

After Peek became delinquent in paying the HOA assessments, the HOA, through its agent Hampton & Hampton Collections, LLC ("Hampton"), on August 28, 2012, recorded a notice of default and

1

election to sell.  Plaintiff requested from the HOA a ledger so it could identify the amount of delinquent assessments, which Hampton provided.  On October 25, 2012, plaintiff tendered $1,395.00 to the HOA.  No foreclosure sale took place at that time.

On August 14, 2013, the HOA, through Hampton, recorded another notice of default and election to sell.  This time, plaintiff did not make any payment to the HOA.  On December 13, 2013, the HOA, through Hampton, recorded a notice of trustee's sale.  The sale was scheduled for January 23, 2014.  Defendant LVDG acquired the property at the sale for $5,400.00, and title to the property was later passed to defendant Thunder Properties, Inc. ("Thunder Properties").

On March 4, 2016, plaintiff initiated this action by filing a complaint against LDVG, Thunder Properties, the HOA, and Hampton.  The complaint asserts four causes of action: (1) quiet title/declaratory judgment; (2) breach of Nev. Rev. Stat. § 116.1113 against the HOA and Hampton; (3) wrongful foreclosure against the HOA and Hampton; and (4) injunctive relief against LVDG and Thunder.  The HOA has filed a motion to dismiss, or in the alternative, motion for summary judgment (ECF No. 15), and Hampton has filed a motion for summary judgment (ECF No. 9).

Some of plaintiff's causes of action are subject to the requirement under Nevada law that plaintiff submit any "claim relating to . . . [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association" to mediation before filing a civil suit.  *See* Nev. Rev. Stat. § 38.310.  Plaintiff has filed a claim for mediation

2

pursuant to that provision with the State of Nevada Real Estate Division ("NRED"). Plaintiff submitted its claim form on November 20, 2015, however the form was not filed into NRED's system until February 20, 2016. The HOA was served with the claim form on May 5, 2016, and filed its response on June 7, 2016, where mediation is still pending. While the court recognizes the provision under Nevada law that mediation be completed within 60 days after the filing of the written claim, the court concludes this does not bar the parties from proceeding with mediation beyond that time period where no objections to mediation have been filed. In this case, the parties have not advised the court why the mediation has not been completed, although the record reflects the parties have agreed on the first available mediator. Therefore, this action shall be stayed for a period of 90 days to allow the NRED mediation process to be completed.

IT IS SO ORDERED.

DATED: This 10th day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE

3